**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL CASE NO. 16-22-DLB-CJS-8**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **REPORT AND RECOMMENDATION**

**THOMAS LOWELL JONES, III** **DEFENDANT**

* * * * * * * * * *

On March 1, 2018, this matter came before the Court for a Final Revocation Hearing on the United States Probation Office's Reports that Defendant Thomas Lowell Jones, III had violated conditions of his supervised release. Defendant was present in Court and represented by court-appointed counsel Kerry Neff, and the Government was represented by Assistant United States Attorney (AUSA) Elaine Leonhard, appearing on behalf of AUSA Laura Voorhees. U.S. Probation Officer Thomas Barbeau of the Southern District of Ohio was also present for this proceeding pursuant to its courtesy supervision of Defendant.

Upon call of this matter at the Final Revocation Hearing, counsel informed the Court that they had reached an agreement on the pending violations. Specifically, Defendant agreed to admit to the charged violations as set forth in the January 18, 2018 Supervised Release Violation Report (R. 408) and the February 26, 2018 Addendum (R. 409). In exchange, the Government agreed to a recommended term of incarceration of 13 months, with no new term of supervision to follow.

Upon consideration, the parties' agreement is an appropriate proposed disposition of this matter. Therefore, for the reasons that follow, it will be recommended that Defendant's supervised

release be revoked and that he be sentenced to a 13-month term of imprisonment with no supervised release to follow.

## I. Procedural Background

On September 8, 2016, Defendant pleaded guilty to Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 and 1349. (R. 128; R. 129). On April 26, 2017, the presiding District Judge sentenced Defendant to 16 months of imprisonment, with credit for time served, to be followed by 5 years of supervised release. (R. 314; R. 317). Defendant's term of supervision began on August 28, 2017 under the courtesy supervision of the Southern District of Ohio.

Upon Petition by the Probation Office, on December 19, 2017, District Judge Bunning ordered Defendant's release conditions be modified to include substance abuse treatment after November 1, 2017 and December 4, 2017 drug screens were positive for methamphetamine. (R. 396). On January 17, 2018, Officer Barbeau submitted a Petition for Warrant for Offender Under Supervision reporting further supervision compliance issues to the Court; an arrest warrant was ordered. (R. 398). Defendant was arrested and brought before the undersigned on February 21, 2018 for an initial appearance on supervised release violations. (R. 405). The violation charges were presented to the Court via the Probation Office's January 18, 2018 Violation Report. (R. 408). The charges were reviewed with Mr. Jones, the potential penalties were explained, and a final revocation hearing was scheduled. (R. 405).

Officer Barbeau prepared a February 26, 2018 Addendum providing updated information on some of the charges. (R. 409). Upon call of the case at the March 1, 2018 Final Revocation Hearing, the Court first reviewed the Addendum with Defendant. (R. 407). In particular, the Court pointed out for the parties that violation charge 2, reported as a Grade B violation in the Report and

Addendum, was actually a Grade C violation charge. The difference in the potential penalties in light of this change from a Grade B violation charge to now all violation charges being Grade C was discussed. (*Id.*). As noted above, counsel then informed the Court that the parties had reached an agreement: Mr. Jones was prepared to admit to the violations charged in the January 18, 2018 Report and February 26, 2018 Addendum, and the parties agreed on a recommended sentence of 13 months of incarceration with no new term of supervision to follow.

At the final hearing, the undersigned reviewed with Defendant the statutory maximum terms of incarceration and supervised release as well as the applicable Sentencing Guidelines range. The undersigned further explained that while a recommendation of an appropriate sanction will be made to the presiding District Judge, it is ultimately Judge Bunning's decision as to the final sentence to be imposed. Defendant acknowledged his understanding and stated it was his desire to admit to the charged violations. Specifically, Mr. Jones admitted under oath to the following violations of supervised release and the factual circumstances set forth below:

**Violation No. 1: Defendant must refrain from any unlawful use of a controlled substance. (Grade C violation)**

Defendant provided urine samples that tested positive for the presence of methamphetamine on November 1, 2017, and December 4 and 15, 2017. Defendant's January 16, 2018 urinalysis tested positive for methamphetamine and opiates.

**Violation No. 2: Defendant must not unlawfully possess a controlled substance. (Grade C violation)**

As indicated above, Defendant submitted 4 urine samples that tested positive for controlled substances. Under Sixth Circuit law, use of controlled substances also means the Defendant was in possession of those substances, therefore violating federal, state, or local law. *United States v.*

*Crace,* 207 F.3d 833, 836 (6th Cir. 2000). Thus, by using controlled substances, Defendant also possessed those same substances.[1]

**Violation No. 3: Defendant must not commit another federal, state, or local crime. (Grade C violation)**

In addition to the crime of possession of controlled substances addressed above, Defendant was charged with Driving Under the Influence of Alcohol or Drug of Abuse, No Operator's License, and a Marked Lanes violation in Hamilton County, Ohio on December 21, 2017. According to the citation, Jones was operating a motor vehicle while under the influence, and he refused to submit to a Breathalyzer test. Defendant was convicted of Driving Under the Influence on January 25, 2018 and sentenced to 3 days of incarceration and a 1-year suspension of his driver's license.

Defendant was also charged on January 16, 2018 in Hamilton County, Ohio with Receiving Stolen Property, as he took a vehicle belonging to Amy Freeman, whose home was Defendant's approved place of residence while on supervision. Defendant was subsequently convicted of Unauthorized Use of a Motor Vehicle on February 20, 2018. He was sentenced to 180 days of

---

[1] In this instance, Violation No. 2 would be a Grade C violation. Under the Guidelines, a Grade C violation is "conduct constituting . . . a federal, state, or local offense punishable by a term of imprisonment of *one year or less*." U.S.S.G. § 7B1.1(a)(3)(A) (emphasis added). Under federal law, the statute penalizing drug possession provides that "[a]ny person who violates this subsection may be sentenced to a term of imprisonment of *not more than 1 year,*" unless he commits such offense "after a prior conviction under this title or title III, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final." 21 U.S.C. § 844(a) (emphasis added). Here, although Defendant's criminal history is a category V, he does not have any prior convictions for drug offenses and thus, under federal law, the offense is punishable by a term of imprisonment of one year or less.

Under state law, methamphetamine and opiates—the controlled substances used, and therefore possessed, by Defendant—are categorized as Schedule II controlled substances in Ohio. Ohio Rev. Code § 3719.41. Possession of such schedule II controlled substances is considered a felony of the fifth degree under the circumstances present here. Ohio Rev. Code §§ 2925.11(A), (C)(1)(a). A fifth degree felony is punishable by a community control sanction or *up to* 12 months of imprisonment. Ohio Rev. Code § 2925.13(B)(1)(a), (c); § 2929.14 (emphasis added). Therefore, as Defendant's conduct is punishable by a term of one year or less under both federal and state law, the conduct is properly categorized as a Grade C violation.

incarceration, with 144 days suspended, and given credit for 36 days served. He was also placed on a 5-year term of non-reporting probation. Defendant admitted he violated the above condition of his supervision by committing these new state-law criminal offenses.

**Violation No. 4:** **Defendant shall notify the probation officer of any change of residence. (Grade C violation)**

Defendant's approved residence at the time in question was the home of Thomas and Amy Freeman in Cincinnati, Ohio. Officer Barbeau conducted a home visit at this residence on January 11, 2018 and no one answered the door. Officer Barbeau later spoke with Amy Freeman, who stated she had not seen or spoken to Defendant in at least a week, and she did not know where he had been residing. On January 12, 2018, Defendant contacted Officer Barbeau and stated he had been residing with his aunt while recovering from a hand injury. Defendant did not notify the Probation Office of this change of residence.

**Violation No. 5:** **Defendant must follow the instructions of the probation officer related to the conditions of supervision. (Grade C violation)**

On January 8, 2018, Defendant failed to report to the Probation Office for a scheduled office appointment with Officer Barbeau. Defendant claimed he had gone to the hospital that day after injuring his hand at work. Defendant was instructed to report to the Probation Office on January 16, 2018 and provide medical paperwork to verify his hand injury. Defendant failed to provide the requested documentation during his January 16, 2018 office visit.

The undersigned is satisfied from the dialogue with Defendant that he understands the nature of the violations as charged, he has had ample opportunity to consult with counsel, and that he enters his admissions to the violation charges knowingly and voluntarily. Therefore, based on Defendant's admissions to these violations, the undersigned finds and will recommend that the District Judge find

that Mr. Jones has violated the conditions of his supervised release as charged in the January 18, 2018 Violation Report (R. 408) and February 26, 2018 Addendum (R. 409).

## II. Sentencing

Defendant having admitted to violating his supervised release, the question of appropriate sanctions for the violations is presented. The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervision. *See* 18 U.S.C. § 3583(e)(3). The Court is mindful of the need to impose a sanction that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See id.* § 3583(e). In determining an appropriate sanction, the applicable policy statements in the Sentencing Guidelines, *see United States Sentencing Commission Guidelines Manual* Chapter 7, Part B, and certain factors set out in 18 U.S.C. § 3553(a),[2] must be considered.

Classification of Defendant's underlying criminal offense results in a statutory maximum term of incarceration upon revocation of his supervised release of 36 months, his underlying offense being a Class B felony. *See* 18 U.S.C. § 3583(e)(3). Section 7B1.4(a) of the Sentencing Guidelines suggests a revocation range of imprisonment of 7 to 13 months, based upon Defendant's criminal history category of V and his violations all being Grade C violations. In addition, Defendant may also be placed back on supervised release following any term of imprisonment that were to be imposed upon revocation. Under the statute, the maximum term of further supervised release would be up to 5 years, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h).

---

[2] In the specific context of supervised release proceedings, 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) of the statutory sentencing factors are to be considered. *See also United States v. Williams,* 333 F. App'x 63, 69 (6th Cir. 2009).

As explained above, the parties have agreed to a recommended sentence of 13 months of incarceration with no supervision to follow. The undersigned agrees that under the circumstances presented, this recommended sanction is sufficient, but not greater than necessary, to comply with the applicable § 3553(a) factors imported into the § 3583(e) analysis. Probation Officer Barbeau confirmed that the U.S. Probation Office is in agreement with the parties' recommended sanction. Although Defendant has accepted responsibility for his conduct, he is before the Court for admitted multiple violations of supervision, each being separate instances occurring on different dates. Such a pattern of ongoing, noncompliant behavior starting so quickly after being placed on supervision warrants consideration of the high end of the Guideline range.

This high end of the Guideline range is also appropriate as no term of supervised release to follow is being recommended. Defense counsel and the United States pointed out that the Probation Office has exhausted all resources for Defendant. Officer Barbeau agreed and noted Defendant has been resistant to treatment and that further supervision would not be beneficial. The Court agrees that Defendant has not shown himself to be a good use of the Probation Office's limited resources. The approved modification of his conditions (R. 396), Violation Report (R. 408), and Addendum (R. 409), evidence Defendant has had difficulty conforming his behavior to the requirements of supervised release, and no new term of supervision should follow Defendant's term of incarceration.

In summary, the undersigned accepts the parties' proposed term of incarceration with no supervision to follow and will recommend same to Judge Bunning in this Report and Recommendation.

Finally, Defendant has requested that the Court recommend he be placed at a federal facility close to Cincinnati, Ohio, if possible. The Court informed Defendant that it cannot require the

Bureau of Prisons to house him at any particular location, but that a placement recommendation would be made on his behalf.

## III. Conclusion and Recommendations

Accordingly, the undersigned being satisfied from dialogue with Defendant that he understands the nature of the violations, has had ample opportunity to consult with counsel, and enters his admissions to the violations knowingly and voluntarily; and the undersigned having considered the entire record, the pertinent § 3553(a) factors, the advisory Sentencing Guidelines and applicable policy statements, and the presentations of counsel; accordingly,

**IT IS RECOMMENDED** as follows:

1) Defendant **THOMAS LOWELL JONES, III** be found to have violated the terms of his supervised release as set out in the January 18, 2018 Violation Report (R. 408) and the February 26, 2018 Addendum (R. 409);

2) Defendant's supervised release be **REVOKED;**

3) Defendant be **SENTENCED** to the custody of the Attorney General for a **term of imprisonment of 13 months, credit for time served since his February 21, 2018 detention, with no supervision to follow;**

4) the District Judge recommend to the Bureau of Prisons that Defendant be placed at a federal correctional facility nearest to Cincinnati, Ohio for service of the sentence imposed; and

5) Defendant having preserved his right to allocute, the presiding District Judge set the matter for an allocution hearing **unless** Defendant notifies the Court in writing within **fourteen (14) days** of this Report and Recommendation that he wishes to waive allocution to the District Judge prior to final sentencing.

Specific objections to this Report and Recommendation must be filed within **fourteen (14) days** of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); *Thomas v. Arn,* 728 F.2d 813, 815 (6th Cir.), *aff'd,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Signed this 29th day of May, 2018.

**Signed By:**

***Candace J. Smith***

**United States Magistrate Judge**

J:\DATA\S.R. violations R&R\16-22-DLB-CJS Jones R&R.wpd